## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGNACIO A. LOPEZ, | ) | CASE NO. 4:13CV3223 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JUDGE RICHARD D. OSBURN, | ) | |
| CYNTHIA BAHE, and STEVEN BAHE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 26, 2013. (Filing No. 1.) Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.    SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Nebraska State Penitentiary. Plaintiff alleges that his daughter is a member of the Mille Lacs Band of Chippewa Indians. On January 10, 2009, three days after his daughter's birth, Mille Lacs social services removed her from her mother's custody because she showed signs of Fetal Alcohol Spectrum Disorder at birth. (Filing No. 1 at CM/ECF p. 3.) Plaintiff has been incarcerated since 2009.

Plaintiff filed his Complaint against Judge Richard Osburn of the Mille Lacs Band Court of Central Jurisdiction in Onamia, Minnesota (hereinafter referred to as "the tribal court"). Plaintiff alleges that the tribal court granted permanent guardianship of his biological daughter to Defendants Cynthia and Steven Bahe despite his express wishes that she be placed with her maternal grandparents. Plaintiff also alleges that the tribal court refused to appoint counsel to represent Plaintiff's interests in the guardianship

proceedings.  Plaintiff alleges these actions by the tribal court violated the Federal Indian Child Welfare Act.  (*See generally* Filing No. 1.)  As relief, Plaintiff asks this court to invalidate the tribal court's guardianship decision.  (*Id.* at CM/ECF p. 6.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007),* (overruling *Conley v. Gibson, 355 U.S. 41 (1967),* and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).*  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002)* (citations omitted).

## III.   DISCUSSION OF CLAIMS

2

Plaintiff brings this action in an effort to challenge a child guardianship determination made by an Indian tribal court in Minnesota. Liberally construed, he invokes jurisdiction under the Indian Child Welfare Act, specifically, 25 U.S.C. § 1914.[1] Section 1914 states:

> Any Indian child who is the subject of any action for foster care placement or termination of parental rights *under State law*, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.

25 U.S.C. § 1914 (emphasis added).

Section 1914 does not confer jurisdiction upon this court because the guardianship action at issue here was not decided *under State law*. Rather, Plaintiff is challenging an Indian tribal court's decision to place an Indian child in foster care. Plaintiff does not allege that the tribal court lacked jurisdiction to make a custody determination or otherwise violated his due process or equal protection rights; rather, he merely alleges that its decision violated the Indian Child Welfare Act. However, the Indian Child Welfare Act, 25 U.S.C. §§ 1901-1963, gives Indian tribes jurisdiction to determine custody of Indian children. *See DeMent v. Oglala Sioux Tribal Court*, 874 F.2d 510, 514 (8th Cir. 1989). The Indian Child Welfare Act does not confer jurisdiction upon this court to review the propriety of the tribal court's guardianship decision in this case.

IT IS THEREFORE ORDERED that:

---

[1]In Plaintiff's statement of jurisdiction, he references 28 U.S.C. § 1914, which sets forth the fees the clerk of each district court must charge for the filing of civil actions. (*See* Filing No. 1 at CM/ECF p. 1.) However, in light of Plaintiff's references to the Indian Child Welfare Act, the court assumes Plaintiff intended to cite to 25 U.S.C. § 1914 of the Indian Child Welfare Act, and not 28 U.S.C. § 1914.

1.      This matter is dismissed without prejudice; and

2.      A separate judgment will be entered in accordance with this Memorandum
        and Order.


DATED this 5th day of May, 2014.

                                        BY THE COURT:


                                        s/Laurie Smith Camp
                                        Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S.
District Court for the District of Nebraska does not endorse, recommend, approve, or
guarantee any third parties or the services or products they provide on their Web sites.
Likewise, the court has no agreements with any of these third parties or their Web sites.
The court accepts no responsibility for the availability or functionality of any hyperlink.
Thus, the fact that a hyperlink ceases to work or directs the user to some other site does
not affect the opinion of the court.